IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIE C. SIMPSON,

Plaintiff,

v.

JOSHUA KAUL, ANDREA L. OMANSON
PAULA STOUDT, D. GOFF, S. ELLIS, ELLEN RAY,                    ORDER
JADEN MCCULLICK, DANIEL LEFFLER,
JULIE PAYNE, CO FREDRICK, THOMAS TAYLOR,                       25-cv-994-jdp
CO TURNER, CO HALVERSON, CO JOHNSTON,
CO VANHAUEN, C. TOM,  CO KROPP,
SGT. MAZZENNETTE, SGT. SHERMAN, CO ROSE,
CO KLATT, CO BUZZELLI, and A. TITLBACH,

Defendants.

---

WILLIE C. SIMPSON,

Plaintiff,

v.

WISCONSIN DEPARTMENT OF CORRECTIONS,                          ORDER
TONY EVERS, JARED HOY, PAULA STOUDT,
JADEN L. MCCULLICK, and JOSHUA KAUL,                          26-cv-25-jdp

Defendants.

---

WILLIE C. SIMPSON,

Petitioner,

v.                                                            ORDER

WARDEN PAULA STOUDT,                                          26-cv-44-jdp

Respondent.

---

Willie Simpson, proceeding without counsel, filed these three lawsuits complaining of

conditions at WSPF and that he is being imprisoned unlawfully because the criminal statutes

under which he was convicted were later repealed. I dismissed each of these cases under filing bars issued by the Court of Appeals for the Seventh Circuit. Dkt. 5 in Case No. 25-cv-994-jdp (citing *Simpson v. Litscher*, No. 20-3293, 2021 WL 2206439 (7th Cir. Mar. 19, 2021) (barring Simpson from filing any papers except habeas petitions and motions in criminal cases until he pays $1,000 fine); *Simpson v. Boughton*, No. 23-2638 (7th Cir. Sept. 18, 2023) (barring him from filing any collateral attack on his Wisconsin criminal convictions or sentences until he pays $1,500 fine)).

Simpson now moves to alter or amend the judgments in these cases under Federal Rule of Civil Procedure 59(e). To win on this motion, *Simpson* "must present either newly discovered evidence or establish a manifest error of law or fact." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Simpson does not meet this standard so I will deny his motion.

Simpson doesn't argue that I incorrectly applied the court of appeals' filing-bar sanctions orders. Rather, he argues that I disregarded his right to a jury trial by dismissing the cases under those sanctions orders; he appears to believe that the sanctions orders themselves are unconstitutional. None of the authorities he cites support that proposition, which is unsurprising because sanctions orders of this kind have never been found unconstitutional. And in any event, this district court cannot overrule the court of appeals' sanctions decisions.

ORDER

IT IS ORDERED that plaintiff's motion to alter or amend the judgments in these cases,

Dkt. 5 in Case No. 25-cv-994-jdp, is DENIED.

Entered March 27, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge